Main Supply, Inc., Appellant, *v.* United Bonding Ins. Co., Appellee.

[Cite as Main Supply, Inc., v. Ins. Co. (1970), 24 Ohio St. 2d 7.]

(No. 69-612—Decided September 24, 1970.)

8

Mr. *Henry J. Bruewer* and Mr. *Cedric Vogel,* for appellant.

Mr. *Owen C. Neff*, for appellee.

*Per Curiam.* Appellee contends (1) that appellant's petition alleges only that appellee is a foreign corporation and not that it is a foreign insurance company, and (2) that appellee should have been served as a foreign corporation pursuant to R. C. 1703.041 and 2703.12, instead of as a foreign insurance company under R. C. 3927.03(C).

Appellant's allegation that "defendant, United Bonding Insurance Company, is a corporation authorized to do business in Ohio" is sufficient to justify the service as an insurance company pursuant to R. C. 3927.03(C).

When a corporation chooses to be known in its official name as an insurance company, as appellee chose, a reference in a petition to that name is certainly an adequate allegation that the corporation is an insurance company. To hold otherwise would require the redundant allegation that "the 'X' Insurance Company is an insurance company."

Appellee's second contention is that it is not a foreign insurance company within the meaning of R. C. 3927.03, and that the consent to service which it was required to file was, therefore, a nullity. Involved in this issue is the question of whether a performance bond is an insurance policy within the meaning of R. C. 3927.03. If it is not, appellee has not consented to service in this case, even if it is an insurance company within the meaning of R. C. 3927.03.

A company which issues performance bonds is generally engaged in the business of insurance. R. C. 3929.01 provides:

"A company may be organized or admitted to carry on the following types of insurance:

"* * *

"(B) It may:

"* * *

"(4) Guarantee the performance of contracts other than insurance policies, and execute and guarantee bonds and undertakings required or permitted in all actions or proceedings, or allowed by law * * *."

Unless there is a statutory provision to the contrary, when appellee issued the performance bonds sued upon, it was an insurance company issuing policies of insurance.

Appellee argues that R. C. 3927.01 demonstrates that appellee was not to be considered a foreign insurance company for the purposes of R. C. 3927.03.

This argument presumes that the exception carries over to the subsequent sections of R. C. Chapter 3927. The language of R. C. 3927.03, and subsequent sections, leads to a contrary conclusion. R. C. 3927.03 begins: "*Any* foreign insurance company * * *." (Emphasis added.) R. C. 3927.04 is even more emphatic, beginning: "*Every* foreign insurance company * * *." (Emphasis added.)

Appellee is a foreign insurance company and its performance bonds are insurance policies within the meaning of R. C. 3927.03.

For the foregoing reasons, the judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Appeals for the consideration of the other alleged errors which should have been considered in accordance with the provisions of R. C. 2505.21.

*Judgment reversed.*

O'NEILL, C. J., LEACH, SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.